J-A23009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS RODNEY RHONE | : | |
| | : | |
| Appellant | : | No. 1543 WDA 2024 |

Appeal from the PCRA Order Entered November 30, 2023
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000671-2008

BEFORE: PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: November 21, 2025**

Thomas Rodney Rhone appeals from the order of the Court of Common Pleas of Blair County denying and dismissing his amended second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 6541-6546. Rhone asserts that his second PCRA petition is timely under the newly discovered facts exception to the PCRA's jurisdictional time bar and that he is entitled to relief based on after discovered evidence and a violation of his constitutional right to due process. After careful review, we affirm.

This Court previously summarized the facts underlying Rhone's convictions.

> On or about January 30, 2008, Trooper Charles Schaefer executed a search warrant at 1628 Bell Avenue, Altoona, Blair County, Pennsylvania. The listed occupant of that residence is [Appellant], Thomas R. Rhone. Pursuant to the execution of the search warrant, drugs and paraphernalia were located and seized from the residence. During the search of the residence a citizen who desires to remain anonymous approached Trooper Berkebile, and

indicated that he should search a vehicle in front of 1628 Bell Avenue. That vehicle was a red Chevrolet truck bearing Pennsylvania Registration YVA3496. An inquiry revealed the registered owner of the vehicle to be Eli Lyles ["Lyles"], who Trooper Schaefer had previously arrested for delivery of cocaine.

Additionally, Trooper Schaefer, through surveillance, had observed [Lyles] visiting [Appellant's] residence, 1628 Bell Avenue, including on January 30, 2008. On January 30, 2008, [Lyles] walked to 1628 Bell Avenue and departed in a vehicle registered to [Appellant]. That vehicle had remained parked in front of 1628 Bell Avenue for an extended period of time. Based upon that information, Trooper Schaefer requested that Trooper Berkebile and his canine, Bosco, perform a canine search ("sniff") of the outside of the vehicle. Bosco subsequently "alerted" on the passenger door of the vehicle. The vehicle was then towed to PSP Hollidaysburg by Reliable Towing. The search warrant for the vehicle subject to [Appellant's] instant Motion to Suppress was then obtained and executed.

Trial Court Opinion, November 14, 2008 at 9-11. Upon searching the vehicle, the troopers found additional bags of cocaine in the center console of the vehicle and a .32 caliber semi-automatic pistol under the driver's seat. Pa.R.A.P. 1925(a) Opinion, July 12, 2011, at 4.

*Commonwealth v. Rhone*, 46 A.3d 828, No. 824 WDA 2011, at 1-2 (Pa. Super. filed Feb. 27, 2012) (unpublished memorandum).

Rhone was charged with possession of a controlled substance (35 P.S. § 780-113(A)(16)), possession with intent to deliver a controlled substance (35 P.S. § 780-113(A)(30)), criminal conspiracy to possess a controlled substance with the intent to deliver (18 Pa.C.S.A. § 903(a)(1)), and possession of drug paraphernalia (35 P.S. § 780-113(A)(32)). On October 20, 2010, a jury found Rhone guilty of all charges.

On May 5, 2011, Rhone was sentenced to an aggregate term of 15 to 30 years' incarceration. On direct appeal, this Court affirmed his judgment of sentence. On August 13, 2012, the Pennsylvania Supreme Court denied Rhone's petition for allowance of appeal. Rhone filed his first counseled PCRA petition on October 23, 2013, which was denied. On August 4, 2015, this Court affirmed the denial of his first PCRA petition.

The present appeal involves Rhone's second PCRA petition. On February 7, 2022, Rhone filed his second PCRA petition. He filed an amended second PCRA petition on September 6, 2022, and November 14, 2022. Rhone raised two claims in his amended second PCRA petition. First, Rhone asserted that in August 2021 he learned of James Brunson's willingness to testify that "the paraphernalia and drugs found in the house [(i.e., the marijuana but not the cocaine found in the truck)] were his at that time, and not [Rhone's]." PCRA Pet., 11/14/22, at ¶ 9. He claimed that this testimony would have likely resulted in a different outcome at trial by showing that he did not "constructively possess[] any of the contraband at issue in the case." *Id.* at ¶ 13. Second, Rhone asserted that a local non-profit organization, Operation Our Town, dedicated to protecting the community from illegal drug use and resulting crime, paid the salary of the prosecuting district attorney, Attorney Peter Weeks, Esq., paid for support staff for prosecuting drug cases, and Attorney Weeks was on the Steering Committee for Operation Our Town. *See id.* at ¶¶ 16-17, 24-26. Rhone claimed that "[t]he payment of private funds

to District Attorney Weeks to prosecute cases, such as [Rhone's], results in prosecutorial bias that robbed [Rhone] of his Due Process rights under the Constitution. Such a system encourages District Attorney Weeks to prosecute drug cases so as to justify a privately paid salary." *Id.* at ¶ 27.

After numerous continuances, a hearing was held on August 7, 2023. The PCRA court took the matter under advisement, and both the Commonwealth and Rhone filed memorandums in support of their positions. On November 30, 2023, the PCRA court denied Rhone's second amended petition "based upon the legal authority cited in the Commonwealth's legal memorandum received by the [PCRA c]ourt [on] November 2[8], 2023 and a totality of the evidence presented at [the] hearing." Order, 11/30/23.

On August 8, 2024, Rhone, represented by new counsel filled a supplemental PCRA petition seeking reinstatement of his appellate rights nunc pro tunc. On September 30, 2024, the PCRA court granted the petition and reinstated Rhone's appellate rights nunc pro tunc. Rhone appealed. The PCRA court did not file an order directing Rhone to file a concise statement of errors complained of on appeal and Rhone did not file one. The PCRA court did not file a 1925(a) opinion and instead relied upon its November 30, 2023 order adopting the Commonwealth's memorandum of law. *See* Pa.R.A.P. 1925(a)-(b).

Rhone raises the following issues on appeal.[1]

> 1. Whether the PCRA Court erred in concluding that the petition was untimely and therefore that it lacked jurisdiction to adjudicate the same?
>
> 2. Whether the PCRA Court erred in concluding that the new evidence, i.e., James Brunson, did not warrant a new trial?
>
> 3. Whether the PCRA Court erred in concluding that the District Attorneys Officer's financial interest in drug prosecutions did not warrant disqualification and a new trial?

Appellant's Brief, at 7.

Rhone's first issue requires us to address the timeliness of his second PCRA petition. "[T]he timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). "Pennsylvania courts are prohibited from considering an untimely PCRA petition. . . . [and] do not reach the merits of an untimely petition under any circumstances[.]" *Commonwealth v. Laird*, 331 A.3d 579, 594 (Pa. 2025) (internal quotation marks and citations omitted). "[Q]uestions regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is de novo." *Commonwealth v. Mickeals*, 335 A.3d 13, 20 (Pa. Super. 2025) (citation omitted).

_____

[1] We note that the Commonwealth declined to file an appellate brief and instead relies on the PCRA court's order, which itself adopted the Commonwealth's November 28, 2023 memorandum of law. *See* Commonwealth's Letter, 7/30/25.

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). It is undisputed that Rhone's second PCRA petition is facially untimely.

A court has jurisdiction to consider a facially untimely PCRA petition under three exceptions. To invoke a timeliness exception, the petition must allege and the petitioner must prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking a timeliness exception must be "filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Rhone asserts that both of his claims are timely under the newly discovered fact exception.

> To invoke the newly-discovered fact time-bar exception the petitioner must establish that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. The facts must be newly-discovered not merely newly-discovered or newly-willing sources that corroborate previously known facts or previously raised claims. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

***Mickeals***, 335 A.3d at 21 (quotation marks and citations omitted).

Additionally, "it is the petitioner's burden to allege and prove that one of the timeliness exceptions apply." ***Commonwealth v. Robinson***, 139 A.3d 178, 186 (Pa. Super. 2016) (citation omitted). Notably, "the newly discovered fact exception does not require any merits analysis of the underlying claim, and application of the time-bar exception therefore does not necessitate proof of the elements of a claim of after-discovered evidence."[2] ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020) (citation and internal quotation marks omitted).

For his first claim, Rhone argues that his second petition filed on February 7, 2022, was timely because it was filed within one year, August 16, 2021, of when Brunson signed a letter stating that he was willing to testify

---

[2] The newly discovered fact exception to the PCRA's time bar and a substantive claim for relief of after-discovered evidence are two distinct concepts related to claims for relief under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(vi); 42 Pa.C.S.A. § 9545(b)(1)(ii). While related, litigants, attorneys, and even courts have frequently failed to appreciate the distinction between the two. ***See Commonwealth v. Brown***, 111 A.3d 171, 176-77 (Pa. Super. 2015).

that he was the owner of the paraphernalia and marijuana. *See* Appellant's Brief, at 16. Rhone argues that the fact he knew Brunson in 2008 does not mean that Brunson was available as a witness and he did not learn that Brunson was willing to testify, and thus available as a witness, until August 2021. *See id.* (citing *Brown*, 111 A.3d at 178). The Commonwealth and the PCRA court state that Rhone failed to meet the newly discovered fact exception for his first claim because Rhone knew of Brunson's involvement and potential ownership of the paraphernalia and marijuana before his trial. *See* Commonwealth's Memorandum, 11/28/23, at 3-4.

For his second claim, Rhone argues that he learned about the facts surrounding Operation Our Town through his own research at some time in 2021 and thus had until 2022 to file his petition. *See* Appellant's Brief, at 16-17.

Neither of Rhone's claims satisfy the newly discovered fact time bar exception. For his first claim, as the Commonwealth and PCRA court point out, Rhone was friends with Brunson in 2008 and Brunson was at the residence at the time the search warrant was executed. *See* Commonwealth's Memorandum, 11/28/23, at 3-4. Rhone's argument that the alleged facts were unknown to him and could not be discovered because he did not know that Brunson would waive his right to self-incrimination and testify is unpersuasive because Brunson's "reluctance to come forward with the purported new information sooner, . . . does not explain why [Rhone] was unable to discover

this information earlier with the exercise of due diligence." **Brown**, 111 A.3d at 178. Further, Rhone "makes no claim that he attempted to contact [Brunson] at any point since trial to determine whether [Brunson] had additional information regarding the [ownership of the paraphernalia and marijuana found in the residence]." **Id.** Therefore, Rhone failed to establish that his first claim met the newly discovered fact time bar exception.

For his second claim, Rhone offered no date in his petition as to when he learned of the information regarding Operation Our Town. **See** PCRA Petition, 11/14/22, at ¶¶ 16-29. In his brief, citing to his hearing testimony, he merely asserts that he learned about the facts underpinning his claim at some point in 2021. **See** Appellant's Brief, at 16 (citing N.T., 8/7/23, at 12). It was Rhone's burden to allege and prove that he discovered the facts he relied upon within a year of when he filed his second PCRA petition on February 7, 2022. **See Robinson**, 139 A.3d at 186. By omitting from his petition when he learned of the alleged facts and only testifying at the hearing that he learned of the facts at some point in 2021, i.e., potentially more than a year before he filed his petition, he failed to meet his burden. Additionally, one of the newspaper articles written about Operation Our Town that Rhone attached to his petition was published in 2014, and Rhone offers no explanation as to why he could not have discovered this sooner with the exercise of due diligence. **See Commonwealth v. Dawson**, 2025 WL 2477000, at *3 (Pa.

Super. filed Aug. 28, 2025) (unpublished memorandum)[3] (holding that the appellant failed to satisfy the newly discovered fact exception because he failed to explain why he could not have learned, with the exercise of due diligence, about Operation Our Town when public news articles were written seven years earlier). Therefore, the PCRA court did not err in finding that his second claim was untimely and dismissing his petition.[4]

Therefore, because Rhone's second PCRA petition was facially untimely, and he failed to establish an exception to the PCRA time bar for both of his claims, the PCRA court lacked jurisdiction to consider his substantive claims and properly dismissed his petition. Accordingly, the PCRA court is affirmed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/21/2025

---

[3] Unpublished memoranda filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b).

[4] The PCRA court dismissed Rhone's petition, in part, on the basis of Rhone's failure to establish the newly recognized constitutional right exception for his second issue, mistaking what timeliness exception Rhone was attempting to assert. **See** Commonwealth's Memorandum, 11/28/23, at 4. However, "[w]e are not bound by the rationale of the [PCRA] court[ ] and may affirm on any basis." **Commonwealth v. Davey**, --- A.3d ---, 2025 WL 2750896, at *6 n.10 (Pa. Super. filed Sept. 29, 2025) (citation omitted).